**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN WARD, et al.,, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:20-cv-01093-SPM |
| | ) |
| STANLEY PAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. The complaint filed in this action purports to be brought by two separate inmates, Kevin Ward and Morris Williams, who are both incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. For the reasons discussed below, the Court will direct the Clerk of Court to strike plaintiff Williams from this action. Furthermore, the Clerk of Court will be directed to open a new prisoner civil rights case for plaintiff Williams, using this complaint.

**Background**

On August 18, 2020, plaintiffs jointly filed a complaint with the Court. (Docket No. 1). Plaintiffs seek to bring this civil action in forma pauperis, without prepayment of the required filing fees, alleging civil rights violations under 42 U.S.C. § 1983.[1] (Docket No. 3). The complaint names Warden Stanley Payne, Functional Unit Manager Ted Eaton, and Certified Corrections Manager Sara Miller as defendants. The substance of the complaint is that plaintiffs have been denied protective custody.

---

[1] The Court notes that only plaintiff Ward has signed the motion for leave to proceed in forma pauperis.

## Discussion

As noted above, two prisoners have brought this joint civil action pursuant to 42 U.S.C. §
1983. This Court, however, does not permit multiple prisoners to join together in a single lawsuit
under Rule 20 of the Federal Rules of Civil Procedure.[2] *See, e.g., Georgeoff v. Barnes*, No. 2:09-
cv-14-ERW (E.D. Mo. May 18, 2009). There are several reasons for this. First, the Prison
Litigation Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal
in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C.
§ 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs.
Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be
circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. As such, the
requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires
individual prisoners to bring separate suits, rather than file jointly under Rule 20. *See Hubbard v.
Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted that "the impracticalities inherent in multiple-prisoner litigation
militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL
427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each
> plaintiff to sign the pleadings, and the consequent possibilities that
> documents may be changed as they are circulated or that prisoners
> may seek to compel prison authorities to permit them to gather to
> discuss the joint litigation. [Other] courts have also noted that jail
> populations are notably transitory, making joint litigation difficult.
> A final consideration for [one court] was the possibility that
> "coercion, subtle or not, frequently plays a role in relations between
> inmates."

---

[2] Rule 20 allows permissive joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally,
or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or
occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P.
20(a)(1).

*Id.* (quoting *Swenson v. MacDonald*, 2006 WL 240233, at \*4 (D. Mont. Jan. 30, 2006)).

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under 28 U.S.C. § 1915(g). That is, so long as one of the prisoners' claims is viable, a strike cannot be imposed, because § 1915(g) requires that an entire action be dismissed to count as a strike. Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs Ward and Morris to proceed jointly in this action. As Ward has signed the instant complaint, as well as the motion for leave to proceed in forma pauperis, the Court will strike plaintiff Morris from this case and order the Clerk of Court to open a new case for him. Nothing in this Memorandum and Order should be construed as precluding plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of their cases for trial if that becomes appropriate at a later date. Once plaintiff Morris has been stricken from this case, this matter will proceed with plaintiff Ward only.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to **STRIKE** plaintiff Morris Williams from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall open a new prisoner civil rights case for plaintiff Morris Williams, using the complaint filed in the instant matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Memorandum and Order in plaintiff Morris Williams's new case.

Dated this 27th day of August, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3