UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORRIS WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-1132-SEP |
| STANLEY PAYNE, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by *pro se* Plaintiff Morris Williams, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the reasons discussed below, the Court will give Plaintiff the opportunity to file a signed, amended complaint on a Court-provided form, and to either pay the $400 filing fee or file an Application to Proceed in District Court without Prepaying Fees or Costs.

### Background

On August 18, 2020, Plaintiff and a fellow inmate filed a complaint pursuant to 42 U.S.C. § 1983 against three ERDCC officials. *See Ward, et al. v. Payne, et al.,* No. 4:20-cv-1093-SPM (E.D. Mo. 2020). They claimed their constitutional rights were violated when they were denied protective custody. While the complaint purported to assert claims on Plaintiff's behalf, Plaintiff did not sign the complaint. Additionally, Plaintiff neither paid the filing fee nor sought leave to proceed without prepayment of fees and costs. On August 24, 2020, the Court severed Plaintiff from the originating case and opened the instant case for him.

### Discussion

The complaint in this matter is defective for several reasons. First, Plaintiff did not personally sign it. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented

party to personally sign his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court require self-represented parties to sign all of their filings. E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint asserts claims on behalf of someone other than Plaintiff. While federal law authorizes Plaintiff to plead and conduct his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (to satisfy the standing requirement, a plaintiff must assert his own legal rights and interests and may not rest his claim to relief upon the rights or interests of another party). Plaintiff does not allege, nor does it appear, that he is a licensed attorney. He therefore may not represent the interests of others in this Court. *See* 28 U.S.C. § 1654; *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another person in federal court).

In consideration of Plaintiff's *pro se* status, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

parties . . . ."). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing each defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should include only those claims that arise out of the same transaction or occurrence—simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

The Court will also give Plaintiff the opportunity to either pay the $400 filing fee or file a motion seeking leave to bring this action without prepaying fees and costs.  If Plaintiff chooses to file a motion seeking leave to bring this action without prepaying fees or costs, he must also file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, Plaintiff must file a signed amended complaint on the Court-provided form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, Plaintiff must either pay the $400 filing fee or file a completed Application to Proceed in District Court Without Prepaying Fees or Costs form along with a certified copy of his inmate account statement.

**If Plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 31st day of August, 2020.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE