UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1132-SEP |
| | ) | |
| STANLEY PAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff Morris Williams's Motion for the Appointment of Counsel. Doc. [4]. The motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Once a plaintiff successfully alleges a prima facie claim for relief, the Court, upon request, should make further inquiry as to the plaintiff's need for counsel to effectively litigate that claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). In so doing, it should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

In the instant motion, Plaintiff makes no attempt to explain why he requires the appointment of counsel. Additionally, he has yet to allege a prima facie claim for relief, and courts generally do not appoint attorneys to assist inmates with investigating or commencing actions. *United States v. Hessman*, 2008 WL 656507 (N.D. Iowa, Mar. 11, 2008). The Court will therefore deny the motion to appoint counsel without prejudice and will entertain a future motion for the appointment of counsel, if appropriate, as this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of Counsel, Doc. [4], is **DENIED without prejudice.**

Dated this 27th day of October, 2020.

                                        */s/ Sarah E. Pitlyk*
                                        SARAH E. PITLYK
                                        UNITED STATES DISTRICT JUDGE