# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MORRIS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01132-SEP |
| ) | |
| STANLEY PAYNE, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is a motion for leave to commence this civil action without prepaying fees or costs filed by Plaintiff Morris Williams, an inmate at the Eastern Reception, Diagnostic and Correctional Center. Doc. [13]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $47.73. Additionally, for the reasons set forth below, the Court will give Plaintiff the opportunity to file a second amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $76.06 and an average monthly balance of $238.68. The Court will therefore assess an initial partial filing fee of $47.73, which is twenty percent of Plaintiff's average monthly balance.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," then the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The First Amended Complaint**

Plaintiff filed the First Amended Complaint pursuant to 42 U.S.C. § 1983 against Warden Stanley Payne, Functional Unit Manager Ted Eaton, and Case Manager Sara Miller. *See* Doc. [12]. Plaintiff sues Defendants in their official and individual capacities. He alleges that Miller and Eaton, with Payne's written approval, "abruptly without my written or verbal consent, stating that I wanted to: P.C. Protective custody out of my safe haven of housing unit 1B, cell #107 forcibly moved me to housing unit 3B, next door" to a "vicious enemy" with whom

Plaintiff had a knife fight approximately twenty years ago in a different facility.  Doc. [12] at 3. In a statement attached to the First Amended Complaint, Doc. [12], Plaintiff avers that he is allowed only one phone call every two months, while inmates in a different area have greater privileges.  Plaintiff describes such privileges as freedom from mechanical restraints, more frequent telephone access and canteen transactions, contact visits, and access to television, radio, and social media.  Plaintiff states he has filed an Informal Resolution Request, and that he is suffering psychological pain as a result of "this treatment." *Id.* at 12.  As relief, Plaintiff states he wishes to be placed in a particular protective custody unit where he will be safe and will be "afforded all my rights, privileges and immunity of [illegible], phone access, canteen, etc., or transfer immediately to FCC, PCC, JCCC or SCCC." *Id.* at 6.

After filing the complaint, Plaintiff filed a document titled "Affidavit of Mr. Morris Williams #161718."  Doc. [14].  Therein, Plaintiff asserts that he requested protective custody on May 5, 2020, and saw the protective custody committee, which included Miller and Eaton. Eaton told Plaintiff that he was the twentieth inmate on the list, and he was unsure how long Plaintiff would have to wait before space became available.  Plaintiff complains that other offenders are allowed to wait in a unit with greater privileges, whereas he was moved to a cell next to one of his enemies in an area where violent offenders are housed.  He mentions (without explanation) that "hits" or contracts are placed.  Plaintiff did not sign the putative affidavit. Subsequently, Plaintiff filed a document titled "Plaintiff Second Amendment Motion."  Doc. [15].  Plaintiff did not attach a proposed amended complaint to the motion, nor did he indicate an intent for the motion to replace the First Amended Complaint.  Instead, in his "Second Amendment Motion," he states that he seeks immediate relief to stop Defendants and correctional officers from jeopardizing his life.

## Discussion

On mandatory review under 28 U.S.C. § 1915(e)(2), the Court finds that the First Amended Complaint must be dismissed because it fails to state a claim upon which relief may be granted against the named Defendants.  *See* Doc. [12].  Specifically, the First Amended Complaint fails to explain how each named Defendant was personally involved in, and directly responsible for, violating his rights.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); s*ee also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

3

cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Additionally, to the extent Plaintiff claims entitlement to relief because he was not immediately assigned his desired cell and/or unit, such claims are not cognizable in these proceedings. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984); *see also Allen v. Purckett*, 5 F.3d 1151, 1153 (8th Cir. 1993).

The Court now turns to the motion titled "Plaintiff Second Amendment Motion." Doc. [15]. Plaintiff did not frame the motion under the Federal Rules of Civil Procedure, but because of the nature of the relief sought, the Court construes it as a motion filed pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, which allows for the issuance of a temporary restraining order without notice to the adverse party or his attorney under certain circumstances. That motion is denied. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Federal Rule of Civil Procedure 65(b)(1)(A). Here, Plaintiff has yet to file a complaint that survives initial review pursuant to 28 U.S.C. § 1915(e)(2). Therefore, it is not the case that specific facts in a verified complaint clearly show he will suffer immediate and irreparable injury, loss, or damage before the adverse parties can be heard in opposition. If the Court were to construe the motion as a motion to file an amended pleading, it would also be denied because it does not include a proposed second amended complaint. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). Still, out of an abundance of caution, the Court will grant Plaintiff the opportunity to file a single, comprehensive second amended complaint to clearly set forth his claims.

The second amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* Eastern District of Missouri Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Federal Rule of Civil Procedure 10(a) ("The title of the

4

complaint must name all the parties . . . ."). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant. In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Federal Rule of Civil Procedure 8(a). Each statement should be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Federal Rule of Civil Procedure 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Federal Rule of Civil Procedure 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Federal Rule of Civil Procedure 20(a)(2).

It is important that Plaintiff allege facts explaining how a defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of that defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. Plaintiff may not amend or supplement any pleading by filing separate documents containing additional material or changes he wants made to certain parts. If Plaintiff files such documents in the future, the Court will not consider them. *See Popoalii*, 512 F.3d at 497. Plaintiff is advised that his *pro se* status does not excuse him from his obligation to comply with the Federal Rules of Civil Procedure, or with this Court's Local Rules and directives. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (Doc. [13]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $47.73 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that "Plaintiff Second Amendment Motion" (Doc. [15]) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff copies of this Order and the Court's prisoner civil rights complaint form.

**IT IS FINALLY ORDERED** that Plaintiff must file a second amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely file a second amended complaint in accordance with the instructions in this order shall result in the dismissal of this case, without prejudice and without further notice.**

Dated this 9th day of March, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE